```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HUI-WEN CHANG,

                Plaintiff,
                                          MEMORANDUM & ORDER
   -against-                              16-CV-2373 (KAM)(LB)

NEW YORK CITY BOARD OF EDUCATION;
NEW YORK CITY DEPARTMENT OF
EDUCATION; CITY OF NEW YORK;
CARMEN FARINA; JOHN FICALORA;
EDUARDO MANDRANO-SALAS; ERIC
LEVITAN; GLORIA GRANT; ROBERT
KOURIL; and A.E.,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Hui-Wen Chang, a school librarian proceeding *pro se*, alleges that defendants — all of whom appear to be affiliated with the New York City Department of Education (the "DOE") — violated her rights under 42 U.S.C. § 1983; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); the New York State Human Rights Law; and the New York City Human Rights Law. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is GRANTED. For the reasons stated below, plaintiff's complaint is DISMISSED in part.

## BACKGROUND

Plaintiff alleges that she began her employment with the DOE in October 1995. (ECF No. 1, Complaint ("Compl.") at p. 5(a), ¶ 1.) Beginning in February 2013, plaintiff was employed at Newtown High School ("Newtown") as a Library Media Specialist and received positive performance evaluations and commendations throughout her career. (*Id.*) Plaintiff, a 52-year-old Taiwanese woman, alleges that while employed at Newtown she was subject to taunts and physical abuse on the basis of her race, national origin, disability, and age. (*Id.* at pp. 5-5(b), ¶¶ 6, 8.) On or about April 21, 2014, plaintiff filed a complaint with the New York State Division of Human Rights, alleging discrimination based on race and national origin as well as retaliation based on complaints she had made regarding the purported discrimination. (*Id.* at pp. 5(a)-(b), ¶¶ 11-12.) Plaintiff alleges that after filing her initial complaint, she received a satisfactory rating on her review. (*Id.* at p. 5(c), ¶ 13.)

After the New York State Division of Human Rights found that there was no probable cause, however, plaintiff alleges that the DOE retaliated against her. (*Id.*) At the end of the 2014-15 school year, plaintiff received a rating of unsatisfactory. (*Id.* at pp. 5(c)-(d), ¶ 16.) On or about March 14, 2015, plaintiff was

2

diagnosed with post-traumatic stress disorder. (*Id.* at p. 5(d), ¶ 1.) Thereafter, plaintiff alleges that the DOE refused to accommodate her disability and, instead, increased her workload. (*Id.* at p. 5(e), ¶ 3.) She further alleges that she was physically assaulted and verbally abused by students, co-workers, and a superior, but that there was no action by defendants to remedy the situation.

Due to "[t]he unrelenting stress caused by her work environment," plaintiff's doctor suggested that she take a medical leave. (*Id.* at p. 5(f), ¶ 11.) On February 9, 2016, the U.S. Equal Employment Opportunity Commission issued plaintiff a Dismissal and Notice of Rights letter. (*See* Dismissal and Notice of Rights letter, annexed to complaint.) The letter provided: "Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes. . . ." (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is

3

"frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact-pleading standard. *See Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard also does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). A

plaintiff must, however, provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Additionally, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

*I.  Improper Defendants*

   *A.  The City of New York and the Board of Education*

Courts have consistently held that the City of New York and the DOE are separate legal entities, and that therefore the City cannot be held liable for the actions of DOE employees. *See, e.g., Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 235, 248 (E.D.N.Y. 2012) (dismissing the City of New York as an imporper party in lawsuit by teacher alleging discrimination and retaliation in conjunction with her employment by the DOE), *aff'd,* 713 F.3d 163 (2d Cir. 2013); *Romero v. City of New York*, 839 F. Supp. 2d 588, 601 (E.D.N.Y. 2012) ("[T]he court notes that the [DOE] is a separate legal entity from the City and the City cannot

5

be liable for the acts of [the DOE] or its employees." (internal quotation marks and citaitons omitted)). Additionally, the Board of Education of the City of New York has been renamed the New York Department of Education. *See A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 67 n.2 (2d Cir. 2005). Accordingly, plaintiff's claims against the City of New York are dismissed and the Department of Education is substituted for the Board of Education of the City of New York.

B. *Individual Defendants*

Further, the court notes that plaintiff names as defendants individuals who appear to be employed by the DOE. Title VII, the ADA, and the ADEA do not permit the imposition of liability on individuals in their individual or representative capacities. *See Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (Title VII); *Guerra v. Jones*, 421 F. App'x. 15, 17 (2d Cir. 2011) (ADEA); *Castro v. City of New York*, 24 F. Supp. 3d 250, 259 (E.D.N.Y. 2014) (ADA). Accordingly, plaintiff's claims against all individual defendants under Title VII, the ADA, and the ADEA are dismissed.

Individuals, however, are proper defendants in actions under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law. *See Zambrano-*

*Lamhaouhi v. New York City Bd. of Educ.*, 866 F. Supp. 2d 147, 162 (E.D.N.Y. 2011) ("Individuals may be held liable under § 1983 . . . . Individuals are also proper defendants under the [New York State Human Rights Law] and the [New York City Human Rights Law]."); *see also Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (recognizing that individuals can be held liable under 42 U.S.C. § 1981).

Plaintiff must adequately plead facts alleging that the individuals she names as defendants were personally involved in the alleged violations or deprivations of her rights. *See Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citation omitted)). "Personal involvement [under 42 U.S.C. § 1983 and 42 U.S.C. § 1981] includes not only direct participation in the alleged violation but also gross negligence in the supervision of subordinates who committed the wrongful acts and failure to take action upon receiving information that constitutional violations are occurring." *Patterson*, 375 F.3d at 229. "To make out a claim against an individual defendant under the [New York State Human Rights Law] or the [New York City Human Rights Law], a plaintiff

must either show direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted' the discrimination or retaliation at issue." *Zambrano-Lamhaouhi*, 866 F. Supp. 2d at 162–63 (citation omitted).

Here, plaintiff has not pleaded any facts regarding the personal involvement of Carmen Farina, Eduardo Mandrano-Salas, Eric Levitan, or A.E. Accordingly, all claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law against Carmen Farina, Eduardo Mandrano-Salas, Eric Levitan, and A.E. are dismissed without prejudice. If plaintiff wishes to sue any of the above-named individuals, she must file an amended complaint alleging the nature of their personal involvement in the purported deprivation of her rights within thirty (30) days of service of this order.

## **CONCLUSION**

For the foregoing reasons,

(1) Plaintiff's claims against the Board of Education of the City of New York and the City of New York are dismissed with prejudice. No summons shall issue as to these defendants, but the Department of Education is substituted for the Board of Education

(2) All claims against the individual defendants brought under Title VII, the ADA, and the ADEA are dismissed with prejudice.

(3) All claims against Carmen Farina, Eduardo Mandrano-Salas, Eric Levitan, and A.E. brought under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law are dismissed without prejudice. Plaintiff may name the above-mentioned individuals in an amended complaint that must be filed within thirty (30) days of service of this order.

(4) The Clerk of Court is hereby directed to serve a summons, the complaint, and a copy of the instant order upon the New York City Department of Education, John Ficalora, Gloria Grant, and Robert Kouril.

(5) The Clerk of Court is also respectfully directed to serve a copy of this order on the pro se plaintiff.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   October 7, 2016
         Brooklyn, New York

                                          _____/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge